# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FATIMAH TUGGAR, | ) |
| Plaintiff, | ) )|
| v. | ) ) Case No. 4:20-cv-00781 |
| KANSAS CITY ART INSTITUTE, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

Defendant Kansas City Art Institute ("KCAI"), by and through the undersigned counsel, submits this memorandum in support of its *Motion to Dismiss*, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Fatimah Tuggar ("Plaintiff") has asserted purported claims against KCAI for violations of the Missouri Workers' Compensation Law. However, Plaintiff has failed to state a claim upon which relief may be granted for workers' compensation discrimination or retaliation because she did not exercise any rights under the Missouri's Workers' Compensation Law. Accordingly, Plaintiff's claims asserted in Counts I and II of her complaint should be dismissed in their entirety.

### INTRODUCTION AND FACTUAL BACKGROUND[1]

Plaintiff was employed with KCAI as an Associate Professor of Foundation Studies from August 15, 2017 until December 14, 2018, at which time KCAI made the decision to not renew Plaintiff's teaching contract. (Complaint, ¶¶ 1, 37, 107, 113). Years before her employment with

---

[1] For purposes of this motion only, Defendant assumes all facts as pled by Plaintiff to be true while expressly reserving its right to dispute any and all such facts in the event Plaintiff's claims, in whole or in part, are not dismissed.

KCAI began, Plaintiff was experiencing health issues characterized by night sweats, difficulty sleeping, fatigue, loose stool, and irregular periods. (Complaint, ¶ 25). Over a period of several years, from approximately 2009 through 2017, Plaintiff alleges her symptoms improved and she experienced fewer bouts of fatigue and sleepless nights. (Complaint, ¶ 27).

Plaintiff alleges that during her first semester at KCAI, which would have been in late 2017, her night sweats and fatigue returned. (Complaint, ¶ 51). Plaintiff states that as she was being scheduled to teach classes for the Spring 2018 semester, she reported her fatigue and night sweats to her Department Chair, Caleb Taylor. (Complaint, ¶¶ 54, 55). In December 2017, Plaintiff met with Human Resources regarding a possible scheduling accommodation for her reported health condition. (Complaint, ¶ 59). In January 2018, Plaintiff provided a note from her health care provider identifying that she had Irritable Bowel Syndrome ("IBS"). (Complaint, ¶ 64). Plaintiff alleges that KCAI's actions toward her further exacerbated her preexisting health condition, for which she had been experiencing similar symptoms since approximately 2009. (Complaint, ¶ 98, 129).

Based on these facts, Plaintiff alleges claims of wrongful discharge and discrimination under Missouri Workers' Compensation Law, Section 287.780, RSMo. However, even assuming Plaintiff's factual allegations as true, she has failed to state a claim upon which relief may be granted, and Counts I and II of Plaintiff's complaint must be dismissed.

## ARGUMENT AND AUTHORITIES

### I. Legal Standard for 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 556 U.S. 662, 678 (2009) (quoting *Bell v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Wong v. Minn. Dep't of Human Servs.*, 820 F.3d 922, 927 (8th Cir. 2016). Legal conclusions, however, do not receive this treatment. *Iqbal,* 556 U.S. at 679.

## II. Plaintiff's Workers' Compensation Claims Fail

Under Missouri's Workers' Compensation Law, an employee may bring a civil action for damages against her employer if she has been discharged or otherwise discriminated against for ***exercising*** her rights under the Missouri Workers' Compensation Law. *Meyer v. Drury Sw., Inc.*, No. 4:17-CV-00808-RLW, 2017 WL 4640330, at *2 (E.D. Mo. Oct. 13, 2017) (citing *Welker v. Panera Bread Co.,* No. 4:10-CV-02192-FRB, 2011 WL 1327427, at *2 (E.D. Mo. Apr. 6, 2011)). Section 287.780, RSMo., states in relevant part as follows:

> No employer or agent shall discharge or discriminate against any employee ***for exercising any of his or her rights under this chapter*** when the exercising of such rights is the motivating factor in the discharge or discrimination.

Further, the statute defines "motivating factor" to mean "that the employee's exercise of his or her rights under this chapter actually played a role in the discharge or discrimination and had a determinative influence on the discharge or discrimination." *Id.*

"To prevail in an action for retaliatory discharge under Mo. Rev. Stat. § 287.780, the aggrieved employee must prove: 1) her status as an employee of the defendant prior to the injury; 2) her exercise of a right granted by Chapter 287 of the Missouri statutes; 3) the employer's

3

discharge of plaintiff; and 4) a causal relationship between plaintiff's exercise of her rights and defendant's action." *Templemire v. W&M Welding, Inc.*, 433 S.W.3d 371, 373 (Mo. banc 2014) (citing *Hansome v. NW. Cooperage Co.*, 679 S.W.2, 273, 275 (Mo. banc 1984)). Where a plaintiff is unable to establish an element of a claim for retaliatory discharge, the claim must be dismissed for failure to make a submissible case under Mo. Rev. Stat. § 287.780. *Meyer*, 2017 WL 4640330 at *2 (citing *Stephenson v. Raskas Dairy, Inc.*, 26 S.W.3d 209, 212 (Mo. App. 2000)).

While Missouri courts have held that a claim of retaliatory discharge in violation of the workers' compensation laws may be actionable even if the employee had not yet filed a claim at the time of termination ***only*** where the employee has taken some affirmative action to exercise her rights. *See, e.g.*, *Reed v. Sale Mem'l Hosp. & Clinic*, 698 S.W.2d 931 (Mo. App. 1985) (initiation of action to receive workers' compensation benefits after rejection of employer's settlement offer was exercise of rights); *Wiedower v. ACF Indus., Inc.*, 715 S.W.2d 303 (Mo. App. 1986) (employer's knowledge of employee's consultation with attorney to file workers' compensation claim was exercise of rights). Where, as here, the employee has merely reported a recurrence of symptoms for a health condition she has battled for years before her employment began that might conceivably have been exacerbated by alleged workplace harassment or discrimination, courts have found there was no exercise of rights under the Workers' Compensation Act to support a claim of retaliatory discharge. *See, e.g.*, *St. Lawrence v. Trans World Airlines, Inc.*, 8 S.W.3d 143, 150 (Mo. App. 1999) ("the injury-causing event is not an exercise of a right under the Act").

Plaintiff's complaint fails to allege that she exercised ***any*** rights under Missouri Workers' Compensation Law. Plaintiff ***does not*** allege anywhere in her complaint that: (1) she reported to KCAI that a recurrence of her preexisting symptoms were somehow work related; (2) she intended to seek workers' compensation benefits; or even (3) the exacerbation of her preexisting condition

4

was in any way job related. It is also telling that Plaintiff has not alleged, nor can she, that she ever actually sought workers' compensation benefits for any alleged work-related injury.

Instead, Plaintiff states only that she notified KCAI that she was experiencing recurring symptoms of a preexisting condition, that she had been diagnosed by her health care provider with IBS, and that she needed a modification of her schedule as an accommodation for her health condition. (Complaint, ¶ 59, 64). Clearly, a preexisting condition of IBS is not a work-related injury, and this is hardly the sort of conduct contemplated by the statute as an exercise of rights. Plaintiff's attempt to morph a report of a purported preexisting health condition into an exercise of her rights under the workers' compensation laws is disingenuous at best, and sanctionable at worst. Indeed, Plaintiff's motivation is made clear by the allegation in paragraph 4 of her complaint that "[t]his action is non-removable because it raises a claim under the Missouri Workers' Compensation Law." Plaintiff's sole reason for asserting this frivolous claim is to try and avoid having this Court assert jurisdiction over her federal Section 1981 claim for race discrimination, which is clearly properly before this Court pursuant to 28 U.S.C. § 1331 and 1441(c).

"The plain language of section 287.780 provides . . . that 'no employer' can discharge any employee for ***exercising any of his or her rights*** under the workers' compensation law." *Hayes v. Show Me Believers, Inc.,* 192 S.W.3d 706, 707 (Mo. 2006) (emphasis added). Plaintiff makes no claim that she took ***any*** affirmative action to exercise her rights under Missouri's workers' compensation laws. Merely pleading that seeking a workplace accommodation for an alleged "exacerbation of a preexisting condition" constitutes Plaintiff having "exercised rights granted by the Workers' Compensation Law" does not overcome the fact that Plaintiff has done absolutely nothing to ***exercise*** her rights under the Act. (Complaint, ¶¶ 129, 138). Such *post hac* formulaic

5

conclusions are insufficient to support a claim for retaliatory discharge under Section 287.780. Because Plaintiff has failed to allege that she exercised a right granted by the Missouri workers' compensation law, Counts I and II fail to state a claim upon which relief may be granted and must be dismissed.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendant Kansas City Art Institute respectfully requests the Court dismiss Counts I and II of Plaintiff's complaint and grant such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

*/s/ Melody L. Rayl*
Melody L. Rayl,   MO Bar # 60362
Laura Bailey Brown,  MO Bar # 62732
**FISHER & PHILLIPS, LLP**
4900 Main Street, Suite 650
Kansas City, MO  64112
Phone:  (816) 842-8770
Facsimile:  (816) 842-8767
Email: mrayl@fisherphillips.com
Email: lkbrown@fisherphillips.com

ATTORNEYS FOR DEFENDANT
KANSAS CITY ART INSTITUTE

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 6th day of October, 2020, the foregoing document was served via the Court's electronic filing system, with notice to be sent electronically to the following:

      Sonal Bhatia
      Edward E.E. Keenan
      KEENAN & BHATIA, LLC
      929 Walnut Street, Suite 5107
      Kansas City, MO 64106
      Phone: 816.809.2100
      Email: sonal@keenanfirm.com
      Email: ee@keenanfirm.com

      ATTORNEYS FOR PLAINTIFF

      */s/ Melody L. Rayl*
      Attorney for Defendants