IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FATIMAH TUGGAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00781-HFS |
| | ) | |
| KANSAS CITY ART INSTITUTE, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION
TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

KCAI has moved to dismiss Ms. Tuggar's claims for workers' compensation discrimination and retaliation. Congress has expressly prohibited district courts from passing on the merits of such claims. *See* 28 U.S.C. § 1445(c). Regardless, Ms. Tuggar states a claim. The motion to dismiss should be denied, and this action should be remanded to state court.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**[1]

Fatimah Tuggar is a visual artist who worked as a professor at the Kansas City Art Institute (KCAI). (Dkt. 1-1, at 4-25, Petition pp. 2-23.) After receiving her Bachelor of Fine Arts degree at KCAI, she obtained a Master's degree at Yale, and completed postgraduate studies at the Whitney Museum of American Art in New York. (*Id.*) She went on to establish a successful career as a practicing artist, with her art on display everywhere

---

[1] These facts are drawn from the Petition and the exhibits annexed to Defendant's Notice of Removal, unless stated otherwise. (Dkt. 1; Dkt. 1-1.)

from Kansas City, to Milan, Sydney, and Cape Town. (*Id*.) She focuses her work on the social and cultural implications of technology, combining traditional media (like drawing and sculpture) with modern technology (like digital media, interactive web design, and electronic sensors). (*Id.* at 6.)

After establishing a successful art career, Ms. Tuggar wanted to give back to the next generation of artists by teaching, and eventually applied to her alma mater, KCAI. (Dkt. 1-1, at 6-7.) KCAI hired her as an Associate Professor, starting in August 2017. (*Id.* at 8-9.) Ms. Tuggar was the only Black faculty member in her department. (*Id.* at 9.) From the start, Department Chair Caleb Taylor seemed to target her: he described her as "exotic," acted cold toward her, criticized her artistic abilities, and got enraged when she expressed her views and discussed race issues; despite the fact that he was the one yelling at her, he gaslit her by accused her of being "angry" in accordance with the "Angry Black Woman" stereotype. (Dkt. 1-1, at 4-25, Petition pp. 2-23.)

Ms. Tuggar suffers from Irritable Bowel Syndrome, and has experienced long-term fatigue and night sweats. (*Id.* at 7, 11.) In light of the environment at KCAI, these symptoms, which had been under control, returned so badly that Ms. Tuggar had to spend all her time in bed except when she was going to teach classes. (*Id.* at 11.) Her work was causing these conditions, and Ms. Tuggar reported what she was going through to KCAI. (*Id*. at 11.) Specifically, she told Taylor about her condition and that she would have a hard time teaching morning workshops in the spring because of it as Taylor was planning the spring 2018 schedule. (*Id*.)

Ms. Tuggar's faculty appointment came up for renewal the next fall. Caleb Taylor

recommended that KCAI not renew Ms. Tuggar's employment, despite the fact that she had performed her job well and none of the criteria for non-renewal existed. (*Id.* at 21-23.) Ms. Tuggar wrote a letter to Mr. Taylor expressing that his recommendation of non-renewal reflected discrimination. (*Id.*) Shortly afterward, KCAI fired Ms. Tuggar. (*Id.*)

Ms. Tuggar filed this action in the Circuit Court of Jackson County, Missouri, raising claims for discrimination and retaliation under the Missouri Workers' Compensation Law, RSMo 287.780, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. (Dkt. 1-1.) KCAI removed (Dkt. 1), and filed a partial motion to dismiss the workers' compensation claims (Dkt. 4-5). Ms. Tuggar has filed a motion to remand (Dkt. 11-12), and now responds to Defendant's partial motion to dismiss.

## II. DISCUSSION

### A. The Court Should Deny This Motion Because It Relates to a Nonremovable Action.

Before deciding substantive motions, a federal court must ensure jurisdiction. "[T]he district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

Not only is there no statutory basis for dismissing this claim: Congress has *expressly prohibited* district courts from exercising removal jurisdiction over cases involving claims under a state workers' compensation law. *See* 28 U.S.C. § 1445(c).

The Eighth Circuit has long held that a workers' compensation discrimination claim under RSMo 287.780 renders a case completely non-removable. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995) ("Under the plain meaning of the statute, where a

3

state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies."). Since *Humphrey*, the Eighth Circuit has repeatedly reconfirmed that a Missouri claim for workers' compensation discrimination bars removal of a case to federal court. *Phillips v. Ford Motor Co.*, 83 F.3d 235, 236 n.3 (8th Cir. 1996); *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1115 (8th Cir. 1998).

"[F]ederal courts are courts of limited jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Dismissing a claim exercises core judicial power. And that is power federal courts simply do not have here. This motion must be denied as moot for lack of jurisdiction, and the action remanded to state court.

### B. Ms. Tuggar States Claims for Workers' Compensation Discrimination and Retaliation.

Though the jurisdictional issue disposes of this motion, Ms. Tugger would survive a motion to dismiss on the merits because she states valid claims for discrimination and retaliation under RSMo 287.780.

#### 1. Ms. Tuggar Engaged in Protected Activity.

Defendants center their motion on one issue: whether Ms. Tuggar engaged in protected activity. Ms. Tuggar reported an injury to her employer. This suffices as protected activity under Missouri law.

Missouri's workers' compensation law does not just protect formal claims for compensation. In Missouri, filing a formal claim for compensation is not necessary, and

"there are numerous other ways in which one could assert his or her rights under Chapter 287." *Demi v. Sheehan Pipeline Constr.*, 452 S.W.3d 211, 216–17 (Mo. App. E.D. 2014). "[S]uch actions as receiving medical treatment for a work-related injury, **providing notice of such an injury to [the] employer**, and 'interim disability from work' are incidents of compensable benefits and amount to the exercise of rights under the Workers' Compensation Law." *Id.* (emphasis added).

Another judge of this Court recently confronted the exact same argument KCAI makes here. The Court rejected the defendant's argument, and remanded to state court. *See Davis v. Villages of Jackson Creek, LLC*, Case No. 4:19-cv-01011-BCW (W.D. Mo. July 6, 2020) (attached as Ex. A).[2] In *Davis*, the plaintiff claimed that workplace harassment had caused her mental distress, and that she reported this to her employer and was fired afterward. *See id.* She filed suit in state court, claiming racial discrimination, as well as workers' compensation retaliation under RSMo 287.780. *Id.* The defendants removed and made the exact same argument KCAI makes here - that reporting an injury to an employer is not enough to trigger a workers' compensation retaliation claim. And just like KCAI, defendants staked their argument on *St. Lawrence v. Trans World Airlines, Inc.*, 8 S.W.3d 143, 150 (Mo. App. W.D. 1999). *Id.*

The *Davis* Court had no trouble remanding the case and denying the defendants' motion to dismiss as moot. *See id.* The Court found the plaintiff's internal report to her

---

[2] KCAI's brief calls Ms. Tuggar's position "disingenuous at best, and sanctionable at worst," and proceeds to make accusations about Plaintiff's motives. (Dkt. 5, at 5.) KCAI's rhetoric stands at odds with the law, and does nothing to advance the orderly resolution of this case. Ms. Tuggar will focus on the law and the facts, and asks KCAI to do the same.

5

employer of her mental distress was enough to trigger protection under the Missouri Workers' Compensation Law. *See id.* The Court's recent decision in *Davis* accords with the declaration of the Missouri Court of Appeals that "providing notice of such an injury to employer" is enough to create protection under RSMo 287.780. *Demi v. Sheehan Pipeline Constr.*, 452 S.W.3d 211, 216 (Mo. App. E.D. 2014).

KCAI's assertion that Ms. Tugger needed to do something more - like file a formal claim with the workers' compensation division - is an incorrect statement of the law. This Court should follow *Demi* and *Davis*, deny the motion to dismiss, and remand this action.

### 2. Missouri Recognizes Aggravation of a Preexisting Condition as a Covered Work Injury.

KCAI appears to argue that Ms. Tuggar's symptoms flow from a preexisting condition, so cannot qualify as a workplace injury. KCAI does not develop this argument much, and it depends on contested facts and medical opinion, which are beyond the scope of a motion to dismiss.

In any event, KCAI is simply wrong on the law. Missouri's workers' compensation law covers aggravation of preexisting conditions. *See Harris v. Ralls Cty.*, 588 S.W.3d 579, 604 (Mo. App. 2019) ("[A] work accident may be the prevailing factor in causing an injury sustained due to the aggravation of preexisting, asymptomatic degenerative condition."); *see also Dierks v. Kraft Foods*, 471 S.W.3d 726, 734 (Mo. App. 2015) ("It is well-established law that a preexisting but non-disabling condition does not bar recovery of compensation if a job-related injury causes the condition to escalate to the level of disability.") (further citation omitted).

### III. CONCLUSION

Congress has barred district courts from deciding workers' compensation retaliation claims removed from state courts. *See* 28 U.S.C. § 1445(c). The only way to entertain KCAI's motion is to ignore the express directions of Congress and the Eighth Circuit. Regardless, Ms. Tuggar states a claim because Missouri recognizes aggravation of an existing condition as a compensable injury, and reporting an injury to an employer is protected activity. This Court should deny the motion, and remand to state court.

Dated: November 6, 2020

Respectfully submitted,

KEENAN & BHATIA, LLC

_____/s/ E.E. Keenan_____
Edward (E.E.) Keenan, Mo. Bar No. 62993
929 Walnut St., Ste. 5107
Kansas City, MO 64106
Tel: (816) 809-2100
ee@kclaborlaw.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I certify that on the date the foregoing was filed with the Court, I transmitted a true and correct copy to all parties of record through their counsel of record, by filing it through the Court's CM/ECF system.

                                        _____/s/ E.E. Keenan_____
                                        An Attorney for Plaintiff